OPINION of the Court, by
Judge Logan.
Lang-horn instituted suit against Porter upon an agreement for boarding Richard Clark two years, at two dollars per week for himself and horse, but exhibited his account for one year only, and obtained a verdict for 104 dollars. Porter moved for a new trial on two grounds: 1st, that the verdict was contrary to law ; and 2d, that it was against evidence. The circuit court overruled the motion, and gave judgment for Langhorn ; from which this appeal is prosecuted.
In support of the first ground taken, the statute of frauds and perjuries is relied on.
The evidence proves, in substance, that Porter had applied to others, and said that he wished to board Clark With them ; and that he offered John Waller two dollars per week, and said that he would do the same with him that he had done with Langhorn. And while Clark was boarding at Langhorn’s, Porter, the appellant, informed Bayles Grigsby that he had taken *64 Clark from Buckhanan’s, where he formerly boarded, and had boarded him with Langhorn.
If credit Ugl-ftn to P. for i»cat,drink,&c. ©fC, at the re-gaeft and procurement of P . the ftatute of frauds and per-Julies does not apply to the demand againft P.
Proof that C. was at a tavern from Auguft in one year to Au« guftlnthe next, except when he was out on his buii*fsas a deputy &criff>and that he was thereabout half his time, is proper evidence to be left to jury So fay what the tavern keeper fhall be allowed tm board.
Where the court below re» fufe a new trial, moved on the ground that the verdict was againft evidence the error ought So be glaring to Induce the appellate court to reverie the de-cifton — Accord ▼ol. i, Gift vs. 1⅜⅛ 104— M*Kintiey vs. M'Cwti, 139,
From this evidence, it is the opinion of the court,, that the circuit court very properly overruled the motion for a new trial. The contract seems to have been with Porter, and not with Clark ; and the credit to have been given to Porter only.
It is contended in the second place, that the verdict is contrary to evidence with respect to the quantum of damages. . ' , .
It would be very difficult, Tf not impossible, to ascertain precisely the number of weeks which Clark was a% Langhorn’s, by excluding the days he was absent, dtij; counting those only when he was there. He rode ⅛ deputy sheriff a considerable part of Ae time ; and during courts, he seems to have been pretty constantly at Lang-horn’s. And it is proved that Porter was instrumental in getting him into office ; from which there was ground for the jury to presume that Larighorn was no more bound to keep an account of the days and parts of days that Clark was absent, than by the agreement be would have been justifiable in charging him tavern rates for himself and horse. The proof, is, that he was at Langhorn’s from August 1805 to August 1806, about one half of his time.
The error ought to be manifest and glaring to Warrant this court to reverse a judgment in such a case. The jury were Ae proper judges of what damages were right. But if they ewed, the court before whom the cause was tried, who, as well as the jury, were witnesses to the testimony as personally detailed, was more competent to perceive it j and its refusal to award a new trial upon the supposed ground, that the verdict was contrary to evidence, must in all eases remain unreversed, except where the verdict appears most obviously wrong. The court is not able to say that the verdict in this case is such, from the evidence contained in the bill of exceptions, Therefore, it is considered by the court that the judgment of the circuit court be affirmed, with damages and costs.